[No. 8010-9-II. Division Two. March 16, 1987.]

*In the Matter of the Marriage of* JOAN YVONNE SHAFFER, *Appellant, and* ROBERT RICHARD SHAFFER, *Respondent.*

*Bryan E. Chushcoff,* for appellant.

*Joseph Q. Betzendorfer, Jr.,* and *Betzendorfer, Deutscher & Granoski,* for respondent.

ALEXANDER, A.C.J.—Joan Shaffer appeals a decree of dissolution of marriage. She asserts that the trial court erred by incorporating a property settlement agreement between herself and her husband into the decree. Two issues are presented: (1) whether certain of the trial court's findings of fact are supported by substantial evidence, and (2) whether the trial court erred in finding that the settlement agreement was fair, and concluding that it should be incorporated into the decree of dissolution. We find no error and, thus, affirm.

Robert and Joan Shaffer were married on August 14, 1949. They separated in February 1983. After separation, Joan moved to California, and thereafter contacted her attorney in this state by letter, advising him that she had told her husband to contact him and that she believed that the attorney could draw up a separation agreement representing both Joan and Robert.

The attorney undertook the task and drafted a settle-

ment agreement after receiving a list of assets from both of the parties. Joan had told the attorney that she knew that she was entitled to more than she had taken with her upon separation, but that she did not care that she was "entitled to lots more" of the property than she had taken with her because "how much money does one single lady need?"

After Joan received the first draft of the agreement from the attorney, she expressed concern to him about a cash withdrawal made by Robert from her credit union account. The attorney then prepared another draft after Robert had replaced the money in the account. Upon receipt of the second draft, Joan expressed concern to the attorney about the lack of a provision for medical benefits for her. Pursuant to her request, the attorney redrafted the agreement to give her the parties' interest in a real estate contract as a replacement for the medical benefits she would lose upon entry of the decree of dissolution. The attorney then sent the final draft to Joan and advised her that if she was "opposed" to the draft, he would be glad to recommend separate counsel for her and Robert. Although Joan expressed some dissatisfaction about the settlement to the attorney, she signed the document.

At trial, Robert sought to have the agreement incorporated into the dissolution decree. Joan objected, claiming that Robert played "mind games" with her. Robert testified and admitted that he placed some pressure on Joan to sign the agreement.

The trial court approved the parties' settlement agreement, finding that it "is fair," and incorporated its provisions into its findings of fact. In its conclusions of law, the trial court divided the marital property according to the terms of the settlement agreement. Joan appeals, claiming that the separation agreement was unfair at the time of its execution and should not have been incorporated into the findings, conclusions, and decree.

Joan first assigns error to the trial court's finding of fact, which reads, in pertinent part:

> That the wife requested the husband, upon her leaving, to seek the services of her former attorney, . . . to obtain a dissolution of marriage. . . .

Where substantial evidence exists to support a trial court's finding of fact, the finding will not be disturbed on appeal. *State v. Black,* 100 Wn.2d 793, 802, 676 P.2d 963 (1984). The attorney testified that Joan wrote to him to inform him that Joan had told Robert to contact him. At trial, Joan did not deny that she had informed the attorney that Robert would contact him. The finding is clearly supported by the evidence.

Joan next assigns error to the trial court's finding, which reads:

> That both parties were knowledgeable as to the nature and extent of their assets. That both parties had kept accurate records of their monthly incomes from their real estate contracts, their monthly expenses and both parties had good business sense. That the wife, by letters to her attorney and to her estranged husband, evidenced the fact that she did not, in fact, trust her estranged husband and although the wife testified that the husband would play "mind games" with her, the Court finds that he did not.

This finding also is supported by the evidence. *See State v. Black, supra.* The record indicates that although Robert had all the property records after separation, both parties kept accurate records during marriage and each of them had good business sense. Joan testified that she was well acquainted with the extent and value of the parties' property, and in fact, she appeared to be more knowledgeable about the nature of the assets than did Robert. Further, the record supports the finding that Robert did not "play mind games" with Joan. Although Robert admitted applying some pressure, Joan testified that her husband's actions did not coerce her in any way.

Joan finally assigns error to various other findings of fact and conclusions of law. These assignments of error center upon the issue of whether the trial court properly found that the separation agreement was fair at the time it was

executed. Joan asserts that the agreement is unfair because she was awarded only one-third of the parties' assets. She contends that in determining whether an agreement is "unfair" when executed, the trial court must do more than simply determine whether it was entered into fairly. It must, according to Joan, also analyze the economic fairness of the agreement. We disagree.

RCW 26.09.070(3) provides, in pertinent part:

> (3) If either or both of the parties to a separation contract shall . . . petition the court for dissolution . . ., the contract . . . shall be binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties on their own motion or on request of the court, that the separation contract was *unfair* at the time of its execution.

(Italics ours.)

Before the adoption of RCW 26.09.070 in 1973, the provisions of a separation agreement were to be adopted by the trial judge only if its terms were deemed "fair and equitable." *In re Marriage of Little,* 96 Wn.2d 183, 192, 634 P.2d 498 (1981). Such agreements between spouses could be disregarded if the trial court was satisfied that the terms "do not constitute a proper division of the property." *Lee v. Lee,* 27 Wn.2d 389, 400, 178 P.2d 296 (1947). *See State ex rel. Atkins v. Superior Court,* 1 Wn.2d 677, 97 P.2d 139 (1939). In essence, the trial court needed to pay only slight deference to the separation agreement of the parties because the trial court was bound in any case to make a "just and equitable" division of the property. RCW 26.08-.110. Repealed by Laws of 1973, 1st Ex. Sess., ch. 157, § 30.

Under the current statute, RCW 26.09.070(3), "amicable agreements are preferred to adversarial resolution of property . . . questions", and the separation contract is, therefore, binding on the parties unless the trial court finds it "unfair" at the time of execution. *Little,* 96 Wn.2d at 193. RCW 26.09.070(3) "gives even wider latitude to marital partners to independently dispose of their property by con-

tract, free from court supervision", *Nelson v. Collier,* 85 Wn.2d 602, 610, 537 P.2d 765 (1975). *See also* Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 729 (1974).

Because of this new freedom for marital partners to divide their property as they see fit, the old rule allowing the court to disregard the property division made by the parties in their agreement if the division does not conform to the trial court's view of an equitable property division, no longer is appropriate. Currently, the only question for a trial court reviewing a separation agreement is: was the agreement unfair when it was executed? If the agreement is not unfair, the parties will be held to have waived their right to have the court determine a "just and equitable" division of the property. *See In re Marriage of Matson,* 107 Wn.2d 479, 730 P.2d 668, (1986).[1]

Division Three of this court, in *In re Marriage of Cohn,* 18 Wn. App. 502, 506, 569 P.2d 79 (1977), fashioned a test to be applied in determining whether a separation agreement is "unfair." The court said:

> (1) whether full disclosure has been made by respondent of the amount, character and value of the property involved, and (2) whether the agreement was entered into fully and voluntarily on independent advice and with full knowledge by the spouse of her rights.

We believe that the *Cohn* test is the appropriate standard by which to determine whether a settlement agreement should be incorporated into a dissolution decree.

Joan contends that the *Cohn* factors should not totally govern the trial court's determination of whether or not the agreement is unfair. In her argument, she focuses our attention on the portion of RCW 26.09.070(3) that requires the trial court to consider "*the economic circumstances of*

---

[1]In *Matson,* the court was reviewing a prenuptial agreement. We see no reason to hold that a prenuptial agreement should be accorded greater sanctity upon the dissolution of marriage than an agreement made in contemplation of the marriage dissolution.

the parties" when determining the fairness of the separation agreement. She contends that this language is not mere surplusage and that its plain meaning is that the trial court must consider the equities of the property division as well as the parties' knowledge of their property and their rights.

If we were to adopt Joan's position, we would be retreating to the situation that was extant before the significant statutory changes of 1973 that we have discussed in this opinion. It seems clear to us that pursuant to RCW 26.09.070(3), as that statute has been interpreted in the *Little* and *Nelson* cases, the trial court's authority to determine the division of marital property when the parties have entered into a separation agreement is extremely limited. In view of the trial court's limited role in such cases, we view the statutory mandate to consider the parties' "economic circumstances" as being compatible with the *Cohn* factors. By that we mean that evidence of the parties' economic circumstances is relevant only insofar as it pertains to the issue of whether both parties were fully informed about the extent of their property, received independent advice about their rights, and entered the agreement voluntarily.

Applying the *Cohn* factors to the circumstances presented in this case, we believe that the separation agreement was properly incorporated into the decree by the trial court. The trial court concluded that Joan knew the amount, character, and value of the properties involved, and that she entered into the agreement voluntarily, on the advice of her attorney, and without undue influence. Although the marital property was not divided equally, it was Joan who asked the attorney to prepare the agreement, and she signed it knowing that she was receiving a lesser share of the assets. Further, although Joan alleged that at the time the agreement was signed, she was somewhat economically dependent upon Robert, this economic consideration does not override the other evidence of Joan's knowledge and awareness of her property and rights.

The trial court's conclusion that Joan entered the agree-

ment voluntarily and on independent advice with full knowledge of the property values is supported by the trial court's finding that the agreement was fair. *See Quadra Enters. v. R.A. Hanson Co.*, 35 Wn. App. 523, 526, 667 P.2d 1120 (1983). To the degree that the foregoing is a finding, it is supported by substantial evidence. *Quadra Enters. v. R.A. Hanson Co., supra.* In our judgment, the trial court correctly held that the agreement was fair when executed, notwithstanding the fact that pursuant to the agreement, Joan received a lesser share of the marital property than did Robert.

Joan concedes that the trial court had to follow the agreement *if it found that it was not unfair.* In light of our holding that the trial court did not err in holding that the agreement was fair, we need not reach Joan's contention that the trial court erred in following the settlement agreement in the division of the parties' property.

We affirm.

WORSWICK and GREEN, JJ., concur.

Reconsideration denied April 21, 1987.

Review denied by Supreme Court July 1, 1987.