FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 17

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

### DIVISION II

| | |
|---|---|
| In re the Marriage of: | No. 43232-3-II |
| MERRY ELIZABETH WOECK, | |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DOUGLAS DAVID WOECK, | |
| Respondent. | |

PENOYAR, J. — Merry Woeck appeals the trial court's decision to enforce a separation agreement between Merry[1] and Douglas Woeck. She argues that the agreement is unfair and that it is voidable based on allegations of domestic abuse. We remand for the trial court to hold an evidentiary hearing and enter findings of fact and conclusions of law regarding Merry's claims of duress and undue influence arising from allegations of domestic abuse.

### FACTS

Douglas and Merry married in October 2001. Merry petitioned for dissolution on August 11, 2011. That same day, the parties signed a separation agreement. Merry, who is a practicing attorney, drafted the agreement. Merry consulted with an attorney before drafting the agreement, and Douglas was represented by a separate attorney throughout the dissolution proceedings.

On November 29, 2011, before the trial court entered the dissolution decree, Merry filed an order for protection-harassment petition against Douglas after she received threatening calls and texts. She also petitioned for an ex parte restraining order in January 2012. The trial court dismissed the order for protection-harassment petition because of the pending restraining order.

---

[1] For clarity, we refer to the parties by their first names. We intend no disrespect.

43232-3-II

On February 21, 2012, the trial court entered a restraining order prohibiting Douglas from contacting Merry for one year.

In February 2012, Douglas filed a motion to enforce the separation agreement. Merry filed a counter motion to void the separation agreement. She argued that (1) Douglas breached the agreement by committing domestic abuse and failing to perform under the deadlines in the agreement and (2) she entered the agreement under severe emotional duress. The trial court considered the motions to enforce and to void the agreement and the declarations included with each and enforced the separation agreement.[2] Merry appeals.

## ANALYSIS

I.    STANDARD OF REVIEW

Parties to a marriage may enter into a written separation contract providing for maintenance, property disposition, a parenting plan and child support, and the release from obligations. RCW 26.09.070(1). A separation contract is binding on the trial court unless, after considering the parties' economic circumstances and any other relevant evidence, it finds that the contract was unfair at the time of its execution. RCW 26.09.070(3).

Before RCW 26.09.070, the trial court had discretion to adopt separation agreements. *In re Marriage of Shaffer*, 47 Wn. App. 189, 193, 733 P.2d 1013 (1987). It could disregard an agreement if it determined that the terms were not just and equitable. *Shaffer*, 47 Wn. App. at 193. But RCW 26.09.070 gives parties the ability to distribute their property as they see fit. Accordingly, the trial court can no longer disregard a separation agreement for not conforming to

---

[2] The agreement was enforced by a different judge than the one who entered the restraining order against Douglas. Merry referenced the restraining order's case number in her motion to void the agreement, but the record from the restraining order proceedings was not before the trial judge who enforced the agreement.

2

the court's view of an equitable distribution; instead, the court is limited to deciding whether the agreement was unfair when it was executed. *Shaffer*, 47 Wn. App. at 194. In determining whether a separation agreement is unfair, the trial court considers (1) whether the parties have fully disclosed the amount, character, and value of the property involved and (2) whether the agreement was entered into fully and voluntarily on independent advice and with full knowledge by the spouse of her rights.[3] *Shaffer*, 47 Wn. App. at 194 (quoting *In re Marriage of Cohn*, 18 Wn. App. 502, 506, 569 P.2d 79 (1977)).

We review a motion to enforce a settlement agreement de novo. *In re Marriage of Bernard*, 165 Wn.2d 895, 903, 204 P.3d 907 (2009); *Lavigne v. Green*, 106 Wn. App. 12, 16, 23 P.3d 515 (2001). Where, as here, the moving party relies on documentary evidence in a motion to enforce a settlement agreement, the trial court proceeds as if it is considering a summary judgment motion. *Condon v. Condon*, 177 Wn.2d 150, 161, 298 P.3d 86 (2013); *Brinkerhoff v. Campbell*, 99 Wn. App. 692, 696, 994 P.2d 911 (2000). The parties' submissions must be read in the light most favorable to the nonmoving party. *Condon*, 177 Wn.2d at 162. If there is an issue of material fact, the trial court should resolve the issue with an evidentiary hearing. *Brinkerhoff*, 99 Wn. App. at 697. If the nonmoving party raises an issue of material fact and the court enforces the agreement without first holding an evidentiary hearing, its decision is manifestly

---

[3] Merry argues in her reply brief that we should apply the test from *In re Marriage of Foran*, 67 Wn. App. 242, 249, 834 P.2d 1081 (1992), to determine whether the agreement was fair. This test first requires the court to consider the substantive fairness of the agreement and then requires the court to consider procedural fairness, applying the same test as *Shaffer* and *Cohn* for procedural fairness. *Foran*, 67 Wn. App. at 249. But *Foran* involved a prenuptial agreement rather than a separation agreement. 67 Wn. App. at 246. Under RCW 26.09.070(3), the court's focus is not on how equitable the separation agreement is but whether it is procedurally fair. *Shaffer*, 47 Wn. App. at 193-94. Therefore, the procedural fairness test from *Cohn* is most applicable here.

unreasonable and based on untenable grounds or reasons. *Brinkerhoff*, 99 Wn. App. at 697; *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

II.     PROPERTY VALUE

First, Merry argues that the trial court erred when it failed to determine the value of the parties' property, specifically, Douglas's 401(k) benefits, before entering the dissolution decree. But the trial court does not have to determine the value of the parties' property when the property is divided by a separation agreement. Instead, the trial court considers whether the parties fully disclosed the amount, character, and value of the property involved. *Shaffer*, 47 Wn. App. at 194. Here, there is evidence that Merry reasonably should have known the value of the 401(k).

A separation agreement must adequately identify the parties' assets and put the parties on notice that the assets exist. *Yeats v. Estate of Yeats*, 90 Wn.2d 201, 206, 580 P.2d 617 (1978). But the agreement does not have to list the exact amount of each asset. *See Cohn*, 18 Wn. App. at 508. In *Cohn*, the court affirmed the parties' property settlement agreement, holding that there was sufficient evidence to conclude that the wife reasonably should have known the extent of the husband's property. 18 Wn. App. at 508. There, the wife knew the husband had independent financial means, the parties discussed their finances when drafting an antenuptial agreement, information on the husband's accounts was mailed to their shared residence and kept where the wife had access to it, the property settlement agreement referenced the husband's separate funds, and there was no evidence of deliberate concealment by the husband. *Cohn*, 18 Wn. App. at 508.

Similarly, here, although the separation agreement did not list the amount of Douglas's 401(k), it sufficiently identified the asset, and Merry had the ability to determine its value. Merry drafted the separation agreement and she had access to information regarding Douglas's 401(k). She submitted notice of his 401(k) to the court, and the notice included Douglas's

4

mailing address, which was the parties' shared home. Additionally, Merry is a practicing attorney and she presumably knows how to request information through discovery. If Douglas was not willingly providing her with information regarding his assets, she could have used the discovery process to request additional information about his 401(k). Instead, she agreed to accept $5,000 from his 401(k) in exchange for relinquishing her rights to the rest of his benefits and pensions.

Merry correctly points out that the court considers the parties' economic circumstances when reviewing a motion to prevent enforcement of a separation contract. RCW 26.09.070(3). But this does not mean that the trial court considers economic disparity in the agreement; rather, under RCW 26.09.070(3) and the *Cohn* factors, the parties' economic circumstances are relevant only insofar as they pertain to whether each party was fully informed about the others' property, received independent advice, and entered the agreement voluntarily. *Shaffer*, 47 Wn. App. at 195. The separation agreement is not per se unfair merely because it does not list the amount of Douglas's 401(k).

III. DURESS AND UNDUE INFLUENCE

Merry next argues that the separation agreement is voidable because she was under duress and Douglas exerted undue influence. We review the record de novo to determine whether Merry has raised a triable issue of voluntariness. *Lavigne*, 106 Wn. App. at 16. We hold that she did raise an issue of voluntariness and that the trial court erred by not holding an evidentiary hearing regarding her allegations of duress and undue influence.

A party asserting duress must produce evidence that the other party's wrongful or oppressive conduct deprived her of her free will at the time she entered into the agreement. *Retail Clerks Health & Welfare Trust Funds v. Shopland Supermarket, Inc.*, 96 Wn.2d 939, 944-

45, 640 P.2d 1051 (1982). A party asserting undue influence must prove unfair persuasion that seriously impairs the free and competent exercise of judgment. *In re Estate of Jones*, 170 Wn. App. 594, 606, 287 P.3d 610 (2012).

Whether Merry voluntarily signed the separation agreement was a material fact. *See Shaffer*, 47 Wn. App. at 194 (before entering a separation agreement, the trial court must determine whether the agreement was entered into fully and voluntarily). In her declaration, Merry alleged that she was the victim of domestic abuse and stated that she "wanted to get out of the house and out from under Doug's thumb so bad that [she] would have signed almost anything." Clerk's Papers at 225. Douglas denied Merry's accusations. If Merry's accusations are true, they would arguably show that she did not freely enter into the agreement. Accordingly, there is a factual dispute over a material issue and the trial court erred when it failed to hold an evidentiary hearing. We remand for the trial court to conduct an evidentiary hearing and to enter findings of fact and conclusions of law regarding Merry's claims of duress and undue influence.

III.    ATTORNEY FEES

Both parties request attorney fees on appeal. We deny both requests.

Merry requests attorney fees in her opening brief, but she does not cite any authority supporting her request. RAP 18.1(a) allows a party to request fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses." Here, Merry failed to provide the applicable law in her opening brief. She cites to RCW 26.09.140 in her reply brief, but she also admits that she has not yet incurred any fees on appeal. Additionally, she failed to file a financial affidavit with this court as RAP 18.1(c) requires. We deny her request.

43232-3-II

Douglas requests attorney fees under RCW 4.84.185, arguing that this appeal is frivolous. An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). Merry's appeal presented debatable issues and is not frivolous. We deny Douglas's request.

We remand for the trial court to hold an evidentiary hearing and enter findings of fact and conclusions of law regarding Merry's claims of duress and undue influence arising from allegations of domestic abuse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Worswick, C.J.

Lee, J.

7