IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage/Domestic Partnership of | ) ) ) | No. 36051-2-III |
| DENNIS J. ARTMAN, | ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | |
| GWENDOLYN A. ARTMAN, | ) ) | |
| Appellant. | ) | |

FEARING, J. — Gwendolyn Artman appeals from the dissolution court's enforcement of a separation agreement entered into by her and her former husband. We affirm the enforcement.

## FACTS

Dennis and Gwendolyn Artman were married on January 13, 2007. The couple resided in Tacoma until Dennis moved to Spokane Valley in May 2015. Gwendolyn remained in Pierce County. Gwendolyn filed for legal separation in Pierce County on October 4, 2017. She did not serve Dennis with her petition in the Pierce County case, and the court eventually dismissed the dissolution petition.

On December 7, 2017, Dennis Artman filed a petition for marriage dissolution in Lincoln County. On December 14, Dennis served Gwendolyn with a summons and petition for dissolution accompanied with a separation contract. Two weeks later, on December 28, Gwendolyn signed and notarized the separation contract and an agreement to join the petition. She returned the contract and agreement to Dennis.

The separation contract listed the Artmans' assets and debts and assigned monetary values to each asset and liability. In turn, the contract divided the assets and liabilities. In the contract, Gwendolyn recognized that Dennis valued the debts and property to the best of his ability and that the values could be inaccurate. Gwendolyn agreed that she could seek valuations by appraisers and accountants and that she waived her right to object to Dennis' values if she failed to seek such valuations. In the separation agreement, the parties warranted that they fully disclosed the nature, extent, and value of all assets and the contract did not rest on the estimations being accurate.

In the separation contract, Gwendolyn Artman represented that she was of sound mind, she was free of any undue influence, pressure or coercion, and she was sober and acted of her voluntary and free will without pressure of any kind. Gwendolyn represented that she had adequate time to consider the content and effect of the contract, that she needed no additional time to consider the terms of the contract, and that she knew of the opportunity to seek independent advice, counsel and representation of an attorney. By signing the separation contract, Gwendolyn further acknowledged she was

2

advised of her right to obtain additional information, but that she will not later take steps to discover, inspect, investigate, appraise, or evaluate Dennis Artman's share of the property. Under the contract, Gwendolyn recognized that she had the right to a trial on disputes and an appeal to the Court of Appeals, but that, by signing the agreement, she understood she surrendered the right to submit the disputes to trial and to pursue an appeal. The separation contract declared:

> It is further agreed DENNIS J. ARTMAN and GWENDOLYN A. ARTMAN each know this contract need not be executed by either party should there be any question about the accuracy or sufficiency of the disclosures.

Clerk's Papers (CP) at 20. Finally, the contract read:

> 20.02.) DENNIS J. ARTMAN and GWENDOLYN A. ARTMAN further agree that in the event litigation is necessary to enforce any terms, provisions, or conditions of this contract (including post decree proceedings such as modification *or appeal*), the prevailing party may be awarded reasonable attorney's fees and costs.

CP at 25 (emphasis added).

On March 6, 2018, Dennis Artman signed and notarized the separation contract and filed Gwendolyn's agreement to join the petition. On March 12, 2018, Dennis filed the separation contract.

PROCEDURE

On March 13, 2018, Gwendolyn Artman filed a response to the petition for marital dissolution, in which she alleged that she signed the separation contract under pressure

3

based on duress, fear, and intimidation. She also complained about the fairness of Dennis' division of property. She filed a supporting declaration that alleged her marriage was based on control, fear, and anger. Gwendolyn added that she lacked the ability or strength to negotiate or advocate for herself and had undergone counseling for posttraumatic stress disorder (PTSD) and trauma bonding since April 2017.

On April 9, 2018, Dennis Artman filed a motion to enforce the settlement contract and incorporate it into the decree of dissolution. Dennis scheduled the motion hearing for April 18, 2018. Gwendolyn Artman did not file a response to the motion. She did not ask for an evidentiary hearing.

At the motion hearing, Dennis Artman asked the dissolution court to enforce the separation contract and award damages pursuant to the contract. Dennis asked that the trial court order Gwendolyn to pay him $3,460.88 in attorney fees and costs because of her attempt to invalidate the contract.

During the April 18 hearing, Dennis did not object to Gwendolyn arguing in opposition to his motion despite her failure to file a written response. Gwendolyn argued that she suffered duress and fear when she signed the separation contract. She agreed to the separation contract terms because she wanted to end the marriage. Gwendolyn commented:

> So, what I did is that I did agree to everything. I absolutely did and so I signed it and I agreed to it and then within a couple of months that went by I started to um—um get a better understanding of exactly what I

4

had signed. At the time I did not really understand. I got a new job. I had
moved into a new apartment and also too I had filing [sic] for a divorce.
had been in counseling for um [sic] for PTSD and for what my counselor
has described as trauma [inaudible]. I have here um a year of uh it just says
individualized therapy cause she's out of town right now.

Report of Proceedings (RP) at 11-12.

Dennis Artman objected to Gwendolyn's claim of PTSD because of a lack of any
supporting documentation. The trial court sustained the objection and instructed
Gwendolyn to refrain from presenting information, to which Dennis could not respond.
Gwendolyn then commented:

My mistake here is that I didn't have enough time to get an attorney.
And yes, she [Dennis' counsel] is right, I did sign this without an attorney.

RP at 15.

During the April 18 hearing, Gwendolyn Artman complained about the inequity of
the property division. In response, the dissolution court explained that fairness need not
be an even split, but could be a 60/40 or 70/30 allocation. The court remarked that, when
assessing fairness, he considered the circumstances, under which the parties signed the
separation contract, and not only the contract terms. The dissolution court added that he
reviewed whether the parties had full disclosure of the assets.

At the conclusion of the April 18 hearing, the dissolution court commented that no
evidence supported Dennis' control of Gwendolyn such that she signed under duress and
coercion. The court found that Dennis did not dictate that Gwendolyn sign the separation

contract. Dennis mailed the separation contract and fourteen days later Gwendolyn signed. The parties lived separately and maintained separate homes across the state. The dissolution court found Gwendolyn to be a professional woman.

The superior court reviewed the separation contract's content, including the character and value of the property, and the court found no evidence of misrepresentation. The court found the settlement contract fair based on a full disclosure of assets and liabilities. Gwendolyn signed the separation contract voluntarily, had the opportunity to seek counsel, and knew of the amount and character of the property.

The dissolution court enforced the separation contract and incorporated it into the decree of dissolution, findings of fact, and conclusions of law. The court ordered Gwendolyn to pay $3,460.88 for reasonable attorney fees and costs to Dennis.

LAW AND ANALYSIS

On appeal, Gwendolyn Artman assigns error to the trial court's enforcement of the separation contract. She argues that the trial court applied the wrong legal standard when enforcing the agreement.

Parties to a marriage may enter into a written separation contract providing for property disposition. RCW 26.09.070(1). If either or both of the parties to a separation contract shall, at the time of the execution thereof or a subsequent time, petition the court for dissolution of the marriage, the contract shall be binding on the court unless it finds, after considering the economic circumstances of the parties and any other relevant

evidence produced by the parties, that the separation contract was unfair at the time of its execution. RCW 26.09.070(3). When parties choose to enter into a separation contract, RCW 26.09.070(3) turns the property distribution into a case of contract interpretation. *In re the Marriage of Shaffer*, 47 Wn. App. 189, 193-94, 733 P.2d 1013 (1987).

The trial court cannot disregard a separation agreement for not conforming to the court's view of an equitable distribution. *In re Marriage of Shaffer*, 47 Wn. App. at 194. Instead, the court is limited to deciding whether the agreement was unfair when executed. *In re Marriage of Shaffer*, 47 Wn. App. at 194. In determining whether a separation agreement is unfair, the trial court considers (1) whether the parties fully disclosed the amount, character, and value of the property and (2) whether the agreement was entered into fully and voluntarily on independent advice and with full knowledge by the spouse of her rights. *In re Marriage of Shaffer*, 47 Wn. App. at 194; *In re Marriage of Cohn*, 18 Wn. App. 502, 506, 569 P.2d 79 (1977).

Dennis and Gwendolyn entered into a written separation contract to divide property and assets as permitted by RCW 26.09.070(1). The court must enforce the contract unless Gwendolyn motioned the court or the court on its own concluded that the separation contract was unfair at the time of its execution. RCW 26.09.070(3). Gwendolyn did not file a motion. She instead alleged in her reply to the dissolution petition that she felt the separation contract was unfair because she signed it under duress, fear, and intimidation. She submitted a declaration stating she was in counseling for

7

PTSD as a result of ten years of emotional abuse and fear. She did not ask for an evidentiary hearing.

After listening to Gwendolyn's argument, the dissolution court noted factors that thwarted Gwendolyn's allegation of duress or undue influence. The settlement contract contained a full disclosure of assets and liabilities, Gwendolyn knew of the amount and character of the property, she was a professional and educated woman, she had time and opportunity to seek counsel, and the parties lived separately. The court found a lack of clear and convincing evidence that Dennis controlled Gwendolyn.

Gwendolyn argues that full disclosure of the value of the property is an essential element to determine whether a separation contract is unfair. Nevertheless, she has never challenged any specific value of an asset nor identified any undisclosed property.

Gwendolyn Artman argues on appeal that this reviewing court should ignore the dissolution court's written and oral findings because the dissolution court employed a wrong inquiry to determine whether the separation contract should be enforced. We disagree. The court found that Gwendolyn had the ability to seek independent legal advice and Dennis imposed no fraud, coercion, undue influence, pressure or misrepresentation. Gwendolyn chose to sign and return the separation contract when she had no legal obligation to do so. The law does not require that each party obtain legal advice before executing a separation contract, only that he or she had the opportunity to

do so. Gwendolyn provided no testimony that Dennis pressured her to sign the separation contract despite living across the State.

Gwendolyn Artman challenges the dissolution court's award of reasonable attorney fees and costs to Dennis. Nevertheless, other than assigning error to the award, she provides no argument as to why the trial court's award was erroneous. This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Meeks v. Meeks*, 61 Wn.2d 697, 698, 379 P.2d 982 (1963); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012). The separation contract afforded the prevailing party an award of reasonable attorney fees and costs.

Dennis Artman requests an award of reasonable attorney fees and costs incurred on appeal. Gwendolyn does not respond that she lacks an ability to pay. Based on the parties' agreement, we grant Dennis' request.

CONCLUSION

We affirm the dissolution court's affirmation of the separation contract and entry of the dissolution decree. We grant Dennis Artman an award of reasonable attorney fees and costs on appeal.

9

No. 36051-2-III
*In re Marriage of Artman*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.