FILED
COURT OF APPEALS
DIVISION II

2014 AUG -5 AM 10: 37

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of:<br><br>NISHAT KHAN,<br><br>               Appellant,<br><br>and<br><br>AZAD KHAN,<br><br>               Respondent. | No. 44814-9-II<br><br><br>PUBLISHED OPINION |

MAXA, J. — Nishat Khan appeals the trial court's spousal maintenance order, claiming the court erred by limiting the duration of the awarded maintenance. Nishat's former husband, Azad Khan,[1] is obligated to support her pursuant to an affidavit of support he signed under federal immigration law as the sponsor of her application for permanent legal residency. Nishat argues that the trial court erred in not enforcing this obligation through the maintenance award. We hold that Nishat's right to support under federal immigration law is a contract right separate from any rights she had as a result of her marriage, and that this contract right need not be enforced through maintenance payments in a dissolution proceeding. Therefore, the trial court did not err in failing to award maintenance in an amount and duration equal to Azad's independent support obligation under federal immigration law and we affirm.

---

[1] Because Nishat and Azad Khan share a last name we refer to both by their first names, intending no disrespect.

FACTS

Azad, a United States citizen, and Nishat met in India in 2009. In January 2010, Nishat entered the United States on a K1 (fiancée) visa. She and Azad married shortly thereafter. Azad sponsored Nishat's application for permanent residency, and as part of this process was required to sign on her behalf an affidavit of support under section 213A of the Immigration and Nationality Act, which is known as United States Citizenship and Immigration Services (USCIS) Form I-864.; *see* 8 U.S.C. §§ 1182(a)(4), 1183a. By signing the affidavit, Azad agreed to provide the financial support necessary to maintain Nishat at an income level at least 125 percent above the federal poverty line.

After nearly two years of marriage, Azad and Nishat separated in December 2011. Azad petitioned for dissolution of marriage in January 2012. Neither the petition nor Nishat's response referenced Azad's I-864 support obligation. Pursuant to temporary orders, Azad paid maintenance of $2,000 per month (for 12 months) and contributed to Nishat's moving expenses and attorney fees. At trial, Nishat sought continued maintenance. She argued that Azad's I-864 support obligation was a basis for a maintenance award.

The trial court concluded that under state law maintenance was not appropriate for several reasons. Nevertheless, it awarded Nishat maintenance of $2,000 per month through June 2013, three months from the date of the dissolution decree. The trial court based its maintenance award on a perceived conflict between Azad's I-864 obligation under federal law and Washington dissolution law. It concluded that Nishat's I-864 rights preempted state law and limited its ability to impute income to Nishat based on her earning capacity and education, and

2

stated that in awarding maintenance it was balancing federal and state law. Nishat appeals the duration of the maintenance award.

## ANALYSIS

A.  AFFIDAVIT OF SUPPORT (FORM I-864)

A family-sponsored applicant for permanent residency must prove that he or she is not likely to become a public charge. *See* 8 U.S.C. § 1182(a)(4). To satisfy this requirement, the applicant's family sponsor may be required to execute and submit a legally enforceable affidavit of support on Form I-864. 8 U.S.C. §§ 1182(a)(4)(C)(ii), 1183a(a)(1). The sponsor must agree to "provide support to maintain the sponsored [immigrant] at an annual income that is not less than 125 percent of the [f]ederal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A).

The support obligation under I-864 continues indefinitely unless the sponsored immigrant (1) becomes a United States citizen, (2) has worked or is credited with 40 qualifying quarters of coverage (as defined by the Social Security Act, 42 U.S.C. § 413), (3) no longer has lawful permanent resident status and departs the United States, (4) becomes subject to removal but obtains a new grant of adjustment status, or (5) either the sponsor or the sponsored immigrant dies. 8 U.S.C. § 1183a(a)(2)-(3); 8 C.F.R. § 213a.2(e)(2). Dissolution of the marriage between the sponsor and the sponsored immigrant does not terminate the support obligation. *Liu v. Mund*, 686 F.3d 418, 423 (7th Cir. 2012); USCIS Form I-864, at 8 (rev. Mar. 22, 2013); USCIS Form I-864 Instructions at 10 (rev. March 22, 2013); *see* 8 C.F.R. § 103.2(a)(1) (incorporating the USCIS Form I-864 instructions as part of the regulations governing the affidavit of support).

The affidavit of support creates a binding contract between the sponsor and the federal government, with the intended immigrant as the third-party beneficiary. The sponsored immigrant can enforce the support obligation against the sponsor. 8 U.S.C. § 1183a(a)(1)(B). And by signing the affidavit, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction of a lawsuit to enforce the I-864 obligations. 8 U.S.C. § 1183a(a)(1)(C).

B.     MAINTENANCE PRINCIPLES

We review a maintenance award for an abuse of discretion. *In re Marriage of Zahm*, 138 Wn.2d 213, 226-27, 978 P.2d 498 (1999). " 'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.' " *In re Marriage of Valente*, 179 Wn. App. 817, 822, 320 P.3d 115 (2014) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). " 'The only limitation on amount and duration of maintenance under RCW 26.09.090 is that, in light of the relevant factors, the award must be just.' " *Valente*, 179 Wn. App. at 821 (quoting *In re Marriage of Bulicek*, 59 Wn. App. 630, 633, 800 P.2d 394 (1990)).

Under RCW 26.09.090, a trial court may award maintenance in a dissolution proceeding after considering all relevant factors, including but not limited to (a) the financial resources of the party seeking maintenance; (b) the time necessary to acquire education and training to enable the party seeking maintenance to find employment; (c) the standard of living established during the marriage; (d) the duration of the marriage; (e) the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; and (f) the ability of the spouse from whom maintenance is sought to meet his or her needs and financial obligations while meeting

4

those of the spouse seeking maintenance. The trial court must consider all of the statutory factors, but the factors are not exclusive. *In re Marriage of Washburn*, 101 Wn.2d 168, 179-80, 677 P.2d 152 (1984).

Here, the trial court determined Nishat was not entitled to maintenance based on "traditional Washington law analysis," i.e., consideration of the RCW 26.09.90 factors. Clerk's Papers at 42. Nishat does not challenge this determination.

C.     I-864 OBLIGATION AND MAINTENANCE AWARD

Nishat and Azad both agree that Azad owes an ongoing support obligation under I-864. The question is whether that obligation must be enforced through a maintenance award in the dissolution proceeding. Nishat argues that it is proper for a trial court to award maintenance based on a spouse's I-864 support obligation. Azad argues that a maintenance award cannot be used to guarantee a spouse's I-864 obligation, which remains enforceable regardless of any maintenance award. The relationship between a maintenance award in a dissolution action and a person's I-864 obligation to a former spouse under federal immigration law is an issue of first impression in Washington. We agree with Azad.

The few published cases in other jurisdictions are split on this issue. *See Liu*, 686 F.3d at 419-20 (the right of support conferred by federal law exists apart from whatever rights the sponsored person might or might not have had under state divorce law); *Love v. Love*, 33 A.3d 1268, 1273-75 (Pa. Super. Ct. 2011) (trial court erred in fashioning spousal support award without applying husband's I-864 obligation; trial court should have considered I-864 obligations as an allowable deviation from the spousal support guidelines).

We hold that a maintenance order need not include enforcement of a person's I-864 obligation. Three primary considerations support this conclusion. First, there is no "conflict" between federal law regarding I-864 obligations and Washington dissolution law because they are independent of each other. Nothing in the federal statutes or regulations provides that an I-864 obligation must be included in a maintenance award or otherwise be enforced in a dissolution action. On the contrary, federal law expressly provides that a spouse's I-864 obligation does not terminate upon dissolution of the marriage between the sponsor and the immigrant. USCIS Form I-864 Instructions at 10; *see Liu*, 686 F.3d at 423; *Shumye v. Felleke*, 555 F. Supp.2d 1020, 1024 (N.D. Cal. 2008). This provision suggests that a spouse's I-864 obligation exists independent of any dissolution proceedings, including any maintenance award.

Second, RCW 26.09.090 governs the award of maintenance in Washington. This statute lists the factors that a trial court must consider in determining the amount of maintenance. RCW 26.09.090 does not provide that one spouse's contractual obligation under federal immigration law to make payments to the other spouse must be enforced through a maintenance award.[2] And although the statutory factors are not exclusive, a trial court cannot rely solely on a non-statutory factor in making a maintenance determination without also fairly considering the statutory factors. *See In re Marriage of Spreen*, 107 Wn. App. 341, 349-50, 28 P.3d 769 (2001).

---

[2] By contrast, a maintenance award must reflect binding contracts regarding parties' rights and property, including making provisions for maintenance, made in contemplation of marriage (antenuptial/prenuptial agreements) and in contemplation of dissolution (separation contracts). *See* RCW 26.09.070(1) (expressly allows spouses to enter into separation contracts providing for the maintenance of either of them); *In re Marriage of Burke*, 96 Wn. App. 474, 477, 980 P.2d 265 (1999); *In re Marriage of Shaffer*, 47 Wn. App. 189, 193-94 & n.1, 733 P.2d 1013 (1987). Nishat does not argue that Form I-864 should be enforced as a prenuptial agreement, and there is no basis for such an argument.

6

Here, the trial court found that under Washington law it would not award any maintenance for several stated reasons. However, in an attempt to balance federal and state law the trial court awarded $2000 per month in maintenance for an additional three months. Nishat argues that once the trial court acknowledged that Azad's I-864 obligation could be considered in awarding maintenance, it was required to continue maintenance for as long as Azad had a payment obligation under I-864. However, because we hold that a trial court need not enforce a spouse's I-864 obligation through a maintenance award, we hold that the trial court did not err in failing to extend the maintenance payments indefinitely.[3]

Third, the beneficiary of an I-864 obligation will not be left without remedy if that obligation is not included in a maintenance award. Nishat argues that if the maintenance award does not incorporate Azad's full I-864 obligation, she may be precluded from enforcing that obligation in a subsequent action. We disagree.

Some courts in other jurisdictions have held that an action to enforce a former spouse's I-864 obligation is precluded under certain circumstances when the I-864 support issue was raised in a prior dissolution proceeding. *See, e.g., Schwartz v. Schwartz*, 409 B.R. 240, 249 (B.A.P. 1st Cir. 2008) (denying former wife's affidavit of support claim in former husband's bankruptcy proceeding because claim had been (or could have been) made in earlier state court divorce action); *Nguyen v. Dean*, No. 10-6138-AA, 2011 WL 130241, *3-4 (D. Or. Jan. 14, 2011)

---

[3] The trial court's award of maintenance for three months apparently was based on the trial court's understanding that it must enforce Azad's I-864 obligation through maintenance. Although we hold that a trial court is not *required* to include the I-864 obligation in a maintenance award, we need not address whether a trial court in the exercise of its discretion could incorporate the I-864 obligation into a maintenance award.

7

(holding that former wife's claim seeking support from former husband based on I-864 in federal court was precluded because the I-864 affidavit of support was entered into evidence in their underlying divorce proceedings and considered by the state court judge when determining spousal support amount). But such a holding would be inappropriate here, where the trial court did not adjudicate an action for breach of the sponsor's I-864 obligation.

As Azad acknowledges, an order of maintenance is not an adjudication of his obligation under I-864. And Azad concedes that termination of maintenance does not terminate his I-864 obligation. Because we hold that an I-864 obligation is separate from any rights or obligations imposed by marriage, Nishat will not be precluded from asserting her I-864 contract right in a separate action.

We affirm the trial court's maintenance award, and hold that a trial court need not enforce a spouse's I-864 obligation through a maintenance award.

_____
MAXA, J.

We concur:

_____
JOHANSON, C.J.

_____
MELNICK, J.

8