**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OXANA V. GRABOIS,

Plaintiff-Appellant,

v.

ADAM J. GRABOIS,

Defendant-Appellee.

No.  16-35805

D.C. No. 3:15-cv-05876-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 27, 2018[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Plaintiff-Appellant Oxana Grabois ("Oxana") appeals the dismissal with

prejudice of her complaint for financial support based on an I-864 Affidavit of

Support signed by Defendant-Appellee Adam Grabois ("Adam").  The district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court dismissed Oxana's complaint as barred by res judicata and for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

"We review de novo [a] dismissal based on res judicata." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). To determine whether a state court judgment has preclusive effect in federal court, we apply the law of the state in which the judgment was rendered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In the absence of a decision of the state's highest court, "a federal court is obligated to follow the decisions of the state's intermediate appellate courts" unless there is "convincing evidence that the state supreme court would decide differently." *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co.*, 851 F.3d 976, 982 (9th Cir. 2017) (quoting *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)).

Under Washington law, a spousal dissolution and maintenance action does not preclude a later claim based on a spouse's contractual I-864 obligations. In *In re Marriage of Khan*, a Washington Court of Appeals held that where a trial court does not "adjudicate an action for breach of the sponsor's I-864 obligation," the sponsored spouse "will not be precluded from asserting her I-864 contract right in a separate action," even if she raised the I-864 issue during dissolution

2

proceedings. 332 P.3d 1016, 1020 (Wash. Ct. App. 2014). We have found no "convincing evidence" that the Washington Supreme Court would rule differently. *See Teleflex*, 851 F.3d at 982.

Here, although Oxana sought to admit the I-864 Affidavit during the maintenance proceeding, she later learned the I-864 "can not be [used] as a measurement for financial support in Family Court." The state court made no mention of the I-864 in its dissolution and maintenance orders and did not adjudicate "an action for breach of [Adam's] I-864 obligation." *See Khan,* 332 P.3d at 1020. Oxana's claim is not barred by res judicata under Washington law as established by *Khan*. *See id.*

"We review de novo a district court's dismissal under *Rooker-Feldman*" for lack of subject matter jurisdiction. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004). Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over an action where "the action contains a forbidden de facto appeal of a state court decision," *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013), or where "any issue raised in the suit . . . is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision," *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Oxana's complaint asserts that she is "entitled for financial support based on I-864" and that she should receive "moral

3

compensation." She does not challenge the state court's decision or seek relief from a judgment. Moreover, under *Khan*, "a spouse's I-864 obligation exists independent of any dissolution proceedings, including any maintenance award." 332 P.3d at 1019. Thus, the maintenance award and obligations based on the I-864 are not "inextricably intertwined." *See Noel*, 341 F.3d at 1158. The *Rooker-Feldman* doctrine does not apply to Oxana's claim and so does not deprive the district court of subject matter jurisdiction.

**REVERSED** and **REMANDED**.