IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Marriage of: | No. 81843-1-I |
| BEN M. THIELHORN, | DIVISION ONE |
| Appellant,<br>v. | UNPUBLISHED OPINION |
| CHERYL THIELHORN, | |
| Respondent. | |

CHUN, J. — Ben Thielhorn appeals the trial court's maintenance award arising from its order granting legal separation from his wife, Cheryl Thielhorn.[1] We affirm.

BACKGROUND

After 24 years of marriage, Ben petitioned for legal separation from Cheryl. In granting separation, the trial court granted Cheryl a lifetime maintenance award of $1,620 each month. The trial court based the award on the parties' financial resources, the duration of their marriage, and Cheryl's age, physical condition, and ability to find work. The trial court stated that it intended to equalize the parties' income streams with the maintenance award.

Ben moved for reconsideration, which motion the trial court denied. The trial court later converted its legal separation order to a dissolution decree.

---

[1] For clarity, we refer below to the two as Ben and Cheryl. We intend no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

ANALYSIS

Ben says the trial court erred in making the maintenance award to Cheryl, improperly divided his indivisible veteran's disability pension, and misapprehended the effect of dissolution on Cheryl's medical coverage. We disagree. Cheryl requests an award of attorney fees, which request we deny.

A. Maintenance Award

Ben says that in granting the maintenance award, the trial court failed to consider the mandatory statutory factors in RCW 26.09.090(1). He also says that the trial court erred in granting Cheryl maintenance for life. We disagree.

We review for abuse of discretion a trial court's maintenance award. In re Marriage of Khan, 182 Wn. App. 795, 800, 332 P.3d 1016 (2014). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Id. (quoting In re Marriage of Valente, 179 Wn. App. 817, 822, 320 P.3d 115 (2014)). "The only limitation on amount and duration of maintenance under RCW 26.09.090 is that, in light of the relevant factors, the award must be just." Khan, 182 Wn. App. at 800 (quoting Valente, 179 Wn. App. at 821). "On appeal, [the spouse challenging maintenance] has a difficult burden—to demonstrate that the trial court awarded maintenance based on untenable grounds or for untenable reasons considering the purposes of the trial court's discretion. Broad discretion is given [to] the trial court." In re Marriage of Sheffer, 60 Wn. App. 51, 56, 802 P.2d 817 (1990).

1.  RCW 26.09.090(1) factor analysis

When deciding on a maintenance award during separation proceedings, a trial court must consider all relevant factors, including, but not limited to:

(a) The financial resources of the party seeking maintenance, including separate or community property apportioned to [them], and [their] ability to meet [their] needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find employment appropriate to [their] skill, interests, style of life, and other attendant circumstances;

(c) The standard of living established during the marriage or domestic partnership;

(d) The duration of the marriage or domestic partnership;

(e) The age, physical and emotional condition, and financial obligations of the spouse or domestic partner seeking maintenance; and

(f) The ability of the spouse or domestic partner from whom maintenance is sought to meet [their] needs and financial obligations while meeting those of the spouse or domestic partner seeking maintenance.

RCW 26.09.090(1).

Ben's argument that the trial court did not consider the mandatory statutory factors suffers because he did not provide us with a verbatim report of proceedings. In his statement of arrangements, he claims no transcript is necessary, but we cannot say the trial court did not consider these factors without a full record of what it considered. "The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); see also RAP 9.2.

3

And "[n]othing in RCW 26.09.090 requires the trial court to make specific factual findings on each of the factors listed in RCW 26.09.090(1)." In re Marriage of Mansour, 126 Wn. App. 1, 16, 106 P.3d 768 (2004).[2]

Ben has not borne his burden of showing that the trial court abused its discretion by not considering the mandatory statutory factors.

2.  Lifetime duration of award

Relatedly, Ben says the trial court erred by awarding Cheryl maintenance for a term of life because it did not consider the mandatory statutory factors of RCW 26.09.090.  As addressed above, his argument suffers because he did not provide us with a verbatim report of proceedings.  Ben also says that permanent maintenance awards are disfavored.  But "[o]ur courts have approved awards of lifetime maintenance in a reasonable amount when it is clear the party seeking maintenance will not be able to contribute significantly to [their] own livelihood." In re Marriage of Mathews, 70 Wn. App. 116, 124, 853 P.2d 462 (1993). Although, as the trial court recognized, Cheryl "can work," she is 61 years old,

---

[2] In any event, the trial court clearly considered factors (a), (d), (e), and (f) in its written opinion.  As to factors (a) and (f), the trial court explicitly considered both Ben and Cheryl's financial resources before entering the award.  As to factor (d), it also considered the duration of their marriage.  As to factor (e), it considered Cheryl's age and her physical condition.

The trial court's written opinion does not explicitly address factors (b) and (c)— the time needed for Cheryl to achieve sufficient education or training, and the standard of living established during the marriage.  Cheryl argues that the trial court did not explicitly consider these factors because they were not at issue here.  She points to Ben's trial brief, in which he claimed that Cheryl would likely assert at trial that she had no need for further education, and in which he claimed the parties are both able to live off of $45,000 a year.  While Cheryl states in her financial declaration that employers consider her skills and education "Out of Date," nothing in the record suggests that Cheryl plans to pursue further education or training.  And the parties' financial declarations show that, not accounting for Cheryl's medical expenses, their monthly expenses are roughly similar.

unemployed, and has had difficulty finding work in her field—graphic design—and described applying to more than 240 jobs without success. In such circumstances, the trial court could have reasonably found that she would be unable to contribute significantly to her own livelihood. Ben has not borne his burden of showing that the trial court abused its discretion by granting a permanent maintenance award.

We conclude the trial court acted within its discretion in making the maintenance award to Cheryl.[3]

B. Veteran's Disability Pension

Ben says the trial court improperly awarded Cheryl a portion of his military disability payments. We disagree.

Washington courts "may not divide or distribute a veteran's disability pension, but [they] may consider a spouse's entitlement to an *undivided* veteran's disability pension as one factor relevant to a just and equitable distribution of property under RCW 26.09.080, and as one factor relevant to an award of maintenance under RCW 26.09.090." In re Marriage of Perkins, 107 Wn. App. 313, 322–23, 26 P.3d 989 (2001). A trial court's decision is manifestly unreasonable if it applies the incorrect legal standard. In re Marriage of Wilson, 165 Wn. App. 333, 340, 267 P.3d 485 (2011).

---

[3] Cheryl argues that the trial court made a mathematical error in her favor when it awarded maintenance to her but does not formally assign error to the trial court's ruling on this ground. Ben denies any error, despite Cheryl's concession in his favor. We will not consider issues on appeal that a party does not raise by an assignment of error and thus decline to reach this issue. RAP 10.3(a)(4); LaMon v. City of Westport, 44 Wn. App. 664, 669, 723 P.2d 470 (1986) (citing Transamerica Ins. Grp. v. United Pac. Ins. Co., 92 Wn.2d 21, 28, 593 P.2d 156 (1979)).

In Perkins, the trial court divided a military disability pension and termed the amount owed from the pension "compensatory spousal maintenance." 107 Wn. App. at 316. Division Two of this court characterized the split as a "dollar-for-dollar division and distribution," reasoned that the law "cannot be circumvented simply by chanting 'maintenance,'" and ruled that the trial court erred by doing so. Id. at 323–24. But in remanding, the court stated that the trial court could still award maintenance if it considered "the existence of an *undivided* disability pension as one factor (among many) bearing on the [spouse's] ability to pay." Id. at 327.

Here, unlike Perkins, the trial court recognized that it could not grant Cheryl any portion of Ben's disability payment.[4] It then attempted to equalize the income streams of the parties. It noted that Ben received $4,088 per month in military retirement and disability payments and that Cheryl received $1,328 per month from her portion of the military retirement. To equalize those payments, it ordered Ben pay Cheryl $1,380 each month. But in equalizing their income streams, it also considered various factors supporting the maintenance award, including Cheryl's age, education, her ability to find work, and when the parties would begin to draw on Social Security. The trial court did not divide the indivisible veteran's disability pension, but instead used it as a factor supporting Cheryl's maintenance award. We conclude the trial court did not err.

---

[4] The court found: "The parties have the following assets . . . [Ben's] disability payment, which is currently $1,768.00 per month. This is [Ben's] separate property and no portion of it can be awarded to [Cheryl]."

C. Cheryl's Medical Coverage

Ben says the trial court erroneously believed Cheryl would lose medical coverage if it converted its separation order into a dissolution decree. He does not argue that this mistake by the trial court independently requires reversal or cite any provision of law to support this argument. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by legal authority need not be considered). And, contrary to his assertion, Ben concedes that his medical coverage entitles Cheryl to only one year of additional coverage after the dissolution. See Appellant's Opening Brief, at 20 ("Ms. Thielhorn is entitled to one year of TRICARE healthcare."), Appendix 2 at 2 ("You're TRICARE eligible for one year from the date of the divorce/annulment."); 10 U.S.C. § 1072(2)(G). This argument does not warrant reversal.

D. Attorney Fees

Cheryl requests an award of attorney fees under RCW 26.09.140 and RAP 18.1(b). We may award attorney fees under RCW 26.09.140 after considering the merit of the issues raised on appeal and balancing the needs of the party seeking fees against the ability of the other spouse to pay. In re Marriage of Muhammad, 153 Wn.2d 795, 807, 108 P.3d 779 (2005). While the issues raised in Ben's briefing are of questionable merit, Cheryl failed to file an affidavit showing her need to recover fees, as required by RAP 18.1(c) (where financial resources are a consideration in award of attorney fees and costs,

7

affidavit of financial need must be filed no later than 10 days before case is set for hearing or consideration). Thus, we deny her request.

We affirm.

_____Chun, J._____

WE CONCUR:

_____Brennan, J_____     _____Verellen, J_____